UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IBRAHIM BARAKAT, | Case No. 16-10718 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| EQUIFAX INFORMATION SERVICES, LLC, ET. AL., | U.S. MAGISTRATE JUDGE MONA K. MAJZOUB |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [50, 51, 53]**

Plaintiff filed an amended complaint [7] on March 21, 2016, alleging that Defendants Capital One Bank USA, N.A. ("Capital One"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") negligently and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to correct Plaintiff's alleged misleading credit report. Defendants filed Motions for Summary Judgment [50, 51, 53] on November 7, 2016. Plaintiff filed a response [57] on December 1, 2016 and Defendants replied [61, 62, 63] on December 15, 2016.

Defendants also filed a Joint Motion to Exclude Plaintiff's Expert [58] on November 7, 2016. The Magistrate Judge granted that Motion on August 2, 2017 [70], and all evidence presented by Plaintiff's evidence is thus excluded from his response brief to Defendants' Motions for Summary Judgment.

The Court finds the motion suitable for determination without a hearing with respect to all of Plaintiff's claims and in accord with Local Rule 7.1(f)(2). For the reasons stated below, Defendants' Motions for Summary Judgment [50, 51, 53] are **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff opened an account with Capital One in March 2009 and transferred outstanding balances in the amount of $30,000 from two other credit cards to this account. Plaintiff failed to make the payment due on August 25, 2011, and failed to make any payments after that date. Therefore, Capital One charged off the Account in February 2012. In its monthly reporting to the Credit Reporting Agency ("CRAs"), Defendants Equifax and Experian, Capital One began reporting the status of Plaintiff's Account as being charged off.

The reporting method used by Capital One was consistent with the industry standard Metro 2 Format, established by the Consumer Data Industry Association. [*See* 50-8; 51-4 at ¶¶23-25; 51-5 at ¶30]. Defendants Experian and Equifax reported Plaintiff's account as charged off based on the information provided by Capital One. The reporting on Plaintiff's account is seen below:



Plaintiff sent Defendant Experian a dispute letter on November 24, 2015, stating, in pertinent part:

> Further, you are reporting multiple charge offs under the payment history section of my credit report on the below trade line. This is false as an account cannot be charged off more than once. Please remove the multiple charge offs from my credit report on the following trade line:
>
> *Capital One Bank USA, NA Account Number ********

[50-3]. On December 1, 2015 Plaintiff sent a dispute letter to Equifax, stating that the Account had "multiple charge offs under the payment history section of my credit report…this is false as an account cannot be charged off more than once" and requested that the multiple charges be removed. [51-3 at 9]. In response to these disputes, Defendants reviewed the information provided and investigated Plaintiff's claims with Capital One. [51-3; 50-4]. Capital One responded to both Defendants that the status of Plaintiff's payment history profile, account status and payment rating was accurate. [50-4; 51-3]. Equifax and Experian provided Plaintiff with the results of this investigation on December 5, 2015 and December 22, 2015 respectively. [50-5; 51-3].

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

Defendants all argue that Plaintiff's claims should be dismissed because the report is technically accurate, and there is no evidence presented by Plaintiff, beyond personal speculation, that anyone would be or was misled by the contents of the report.[1]

---

[1] Defendants also argue that Plaintiff has not shown any injury, cannot demonstrate that he suffered any actual damages due to the credit reporting, and cannot present any evidence that there were any negligent or willful violations of FCRA. The Court need not reach these points because Plaintiff cannot, as an initial matter, present any evidence that the report at issue was inaccurate.

Plaintiff brings his claims under FCRA 15 U.S.C. §1681s-2(b) against Capital One, and under §1681e(b) against Equifax and Experian. Under §1681s-2(b), upon notice of dispute regarding the completeness or accuracy of any information provided by a person to a CRA, the furnisher must (1) conduct an investigation; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report any inaccuracies if found to all CRAs who may have received the inaccurate information; and (5) correct any inaccuracies found in the information. 15 U.S.C. §1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" when preparing consumer reports. Therefore, for the claims against all Defendants, the issue of whether they can be considered "inaccurate" under the law determines the viability of Plaintiff's claims.

Defendants contend that the standard in the Sixth Circuit for "accuracy" under the FCRA is whether it is "technically accurate" or "accurate on its face." *Dickens v. Trans Union Corp.*, 18 Fed.Appx. 315, 318 (6th Cir. 2001) (*quoting Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). Plaintiff argues that the correct standard is that a report is inaccurate, even if it contain correct information, if it "provides information in such a manner as to create a materially misleading impression." *Boggio v. USAA Fed. Sav. Bank*, 696

F.3d 611, 617 (6th Cir. 2012) (*citing Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir.2008)). Defendants argue that this is mere dicta and not binding, because the case addressed the issue of whether a consumer has the right to bring a private cause of action under FCRA directly against a creditor under 15 U.S.C. §11681s-2(b).

The Court does not need to decide the issue of the standard of accuracy to apply in this case because, under either test, Plaintiff has not created any issue of fact that the report is misleading. In his deposition, Plaintiff admitted that, due to financial problems, he stopped paying on the Capital One account at issue and that the account became delinquent in September 2011. [50-6 at 28; 58]. He also admits that the account was charged off by Capital One in February 2012. [*Id* at 62]. Plaintiff does not take issue with the fact that the account was reported as being charged off, or with the accuracy of the report. Rather, Plaintiff contends that the report is misleading; opining that, by reporting the charge off each month during the duration of time the account was charged off, made it appear that the account was actually being charged off every month, rather than reflecting a single charge off that remained active. [*Id* at 216; 120].

Plaintiff testified that this was just his personal opinion after looking at the report himself, and that he had no factual bases or documents to support this opinion. [*Id* at 32]. He further admitted that no one ever informed him that they

thought the report was inaccurate, informed him they were misled by the payment history report, or that they viewed the report as showing his account being charged off multiple times. [*Id* at 22; 148; 178]. Plaintiff also admitted that he did not know how people in the credit reporting industry viewed the charge off reporting, but suspected that they viewed it adversely to his opinion. He further indicated that he was never told this. [*Id* at 201]. Plaintiff offers no authority to support his assertion that charge-offs can only be listed once, or that listing the charge-off in multiple months created an inaccuracy or is misleading in any way.

Courts have repeatedly held that a personal opinion is "mere speculation that the notation was misleading" and is therefore insufficient to support a claim of inaccuracy under the FCRA. *See e.g. Dickens v. Trans Union Corp.*, 18 F.App'x 315, 318 (6th Cir.2001) ("[The plaintiff's] mere speculation that the notation was misleading, without more, is insufficient as a matter of law to establish a prima facie case of inaccuracy in violation of § 1681e(b)."); *Bailey v. Equifax Info. Servs., LLC*, No. 13-cv-10377, 2013 WL 3305710 (E.D. Mich. July 1, 2013) (holding that conclusory allegations that the report is inaccurate and misleading is insufficient); *Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-cv-11659, 2010 WL 2740154 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading, or even his proof that a lay person would be mislead, is insufficient to establish that a report was misleading and, therefore, inaccurate. At

a minimum, a plaintiff must prove that a creditor or consumer of credit reports would be mislead. When the recipient was not mislead, such a showing will be extremely difficult."). Further, in a case nearly identical factually to this one, the misleading nature of a charge-off being listed over many months was found not to be inaccurate or misleading under FRCA when the Plaintiff failed to present any evidence other than her own personal belief. *Shaw v. Equifax Info. Sols.*, Inc., 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016).

Plaintiff has provided no authority supporting his speculative opinion and thus has failed to create any dispute of fact as to the accuracy of the report. Accordingly,

**IT IS** ORDERED that Defendants' Motions for Summary Judgment [50, 51, 53] are **GRANTED.**

**SO ORDERED**.

                                                                s/Arthur J. Tarnow
                                                                Arthur J. Tarnow
Dated: August 29, 2017                   Senior United States District Judge